**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rulexy RODRIGUEZ–VAZQUEZ,
Defendant–Appellant.**

**No. 15–13970
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 10, 2016.

Sivashree Sundaram, Breezye Telfair, Robert J. Brady, Jr., Wifredo A. Ferrer, Emily M. Smachetti, Arimentha R. Walkins, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Rulexy Rodriguez–Vazquez, West Miami, FL, pro se.

Paul D. Petruzzi, Law Offices of Paul Petruzzi, Pa, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Rulexy Rodriguez–Vazquez appeals his conviction for conspiracy to possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, arguing that the district court erred by denying his motion to suppress evidence. The government argues that Rodriguez–Vazquez's unconditional guilty plea bars this appeal.

We review whether a voluntary unconditional guilty plea waives a defendant's ability to appeal adverse rulings of pre-trial motions *de novo. See United States v. Patti,* 337 F.3d 1317, 1320, 1320 n. 4 (11th Cir.2003). By entering a voluntary unconditional guilty plea, a defendant waives all non-jurisdictional defects in the proceedings. *Id.* at 1320. We will not consider a defendant's challenge to the district court's denial of a motion to suppress if that issue was not preserved in a conditional plea. *United States v. McCoy,* 477 F.2d 550, 551 (5th Cir.1973); *see also United States v. Wai–Keung,* 115 F.3d 874, 877 (11th Cir. 1997) (declining to discuss a suppression issue that was beyond the challenges that the conditional guilty plea permitted).

A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a conditional plea in accordance with Fed.R.Crim.P. 11(a)(2). *United States v. Pierre,* 120 F.3d 1153, 1155 (11th Cir.1997). The conditional plea must be in writing and must be consented to by the court and by the government. *Id.* A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate; otherwise, the issue— even if properly preserved at trial—will be considered abandoned. *United States v. Jernigan,* 341 F.3d 1273, 1284 n. 8 (11th Cir.2003).

Rodriguez–Vazquez entered into an unconditional guilty plea. He does not dispute on appeal that his plea was knowing and voluntary, and so has abandoned any such challenge. *See Jernigan,* 341 F.3d at 1284 n. 8. Because he voluntarily entered into an unconditional guilty plea, he has waived his right to challenge the district court's denial of his motion to suppress. *See McCoy,* 477 F.2d at 551.

**AFFIRMED.**